UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
Germaine Lewis, on behalf of herself,

                                  Petitioner,

    -against-

United States of America,

                                  Respondent.
------------------------------------------------------------- x

**MEMORANDUM & ORDER**

10-CV-00718 (ENV)

**VITALIANO, D.J.**

Pro se petitioner Germaine Lewis is before the Court on her petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Lewis's habeas petition is dismissed, and the writ is denied.

### BACKGROUND

On April 14, 2006, a grand jury in the Eastern District of New York returned an indictment charging Germaine Lewis with one count of conspiring with her mother, Ann Lewis, to file false federal income tax returns, in violation of 18 U.S.C. § 286, and ten counts of filing false tax returns, in violation of 18 U.S.C. § 287. The case went to trial in July 2007. Lewis was convicted on all counts.

In July 2008, while on release post-trial but before sentencing, a warrant was issued for Lewis's arrest for violating a condition of her bail, which required that she not commit any federal, state or local crime. In June and July 2008, after being warned of the potential legal consequences, petitioner, using a damaging adhesive, posted a number of threatening and harassing signs targeted at the Assistant United States Attorney ("AUSA") assigned to her case,



1

in violation of New York State Penal Law. At the resulting bail hearing on July 21, 2008, the Court altered the conditions of petitioner's release to include home confinement and electronic monitoring with instructions to stay away from the AUSA and to attend out-patient/mental health treatment.

Before sentencing, on October 3, 2008, a hearing was held concerning Lewis's request for new counsel, which raised many of the same complaints about her lawyers set forth in the instant petition. In denying her request, the Court noted that Lewis had already been granted a new attorney and that both the previous and current attorneys had been competent based on their performances as witnessed by the Court.

On March 4, 2009, Lewis was sentenced to 20 months incarceration, to make restitution, to pay the statutory assessment, and to serve a three-year term of supervised release. This sentence was significantly below the guideline range recommendation of 33 to 41 months. Lewis was released from custody on or about October 29, 2010 and is currently serving her term of supervised release.[1]

On February 8, 2010, petitioner filed the instant § 2255 proceeding for habeas relief claiming (1) the ten months that she spent on home confinement prior to being sentenced should be credited towards her sentence and (2) her verdict should be set aside for ineffective assistance of counsel. The government filed a memorandum in opposition to the petition on August 13, 2010. Lewis did not file a reply.[2]

---

[1] Lewis filed a separate motion for reduction and/or for changes in the conditions of her supervised release on September 6, 2011, which remains pending before the Court.
[2] Lewis's reply, if any, was due on September 17, 2010. Two months after that due date, on November 15, 2010, Lewis filed a letter explaining that she did not file a reply because she received the government's memorandum on September 15, 2010, which did not give her enough time to reply. She did not, however, request additional time to file a formal reply nor did she make any substantive response to the government's opposition in her letter.

2

## DISCUSSION

### A. Standard of Review

Title 28 of the United States Code § 2255 authorizes federal courts to entertain an application for a writ of habeas corpus brought by "a prisoner in custody under sentence of a [federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Collateral relief from a final criminal judgment is available only "for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

### B. Jurisdiction

In order to proceed under § 2255, at the time of filing, the petitioner must "be 'in custody' [pursuant to] the conviction or sentence under attack." Scanio v. United States, 37 F.3d 858, 860 (2d Cir. 1994) (quoting 28 U.S.C. § 2255). Although Lewis has already served the prison sentence imposed on her as a result of the challenged conviction, the instant petition was filed while Lewis was still incarcerated, and therefore there is no statutory jurisdictional bar to her suit. See id.

However, the Court must also consider whether there is a constitutional bar to the petition, because courts are limited to hearing cases that present a case or controversy as required by Article III, § 2. For a claim to be reviewable under Article III, "the parties must continue to have a personal stake in the outcome of the lawsuit" and "the plaintiff must have suffered, or be threatened with, an actual injury" that is "likely to be redressed by a favorable judicial decision."

3

Spencer v. Kemna, 523 U.S. 1, 7 (1998) (internal citation omitted). In this context, a petitioner's habeas corpus application is deemed moot when it attacks a sentence that has expired during the course of the proceedings. Lane v. Williams, 455 U.S. 624, 631 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot."). Moreover, "[t]he hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983).

In the instant case, although Lewis has been released from custody, the petition still presents a live case or controversy under Article III, because she remains on supervised release, and this Court can modify or vacate her remaining term of supervised release, should it decide in her favor on either of her claims. See 28 U.S.C. § 2255 (stating that the court may "correct the sentence as may appear appropriate" if it rules in petitioner's favor); see also Levine v. Apker, 455 F.3d 71, 77 (2d Cir. 2006) (holding that a case or controversy exists even when a habeas petitioner is not in prison because the court could, if relief were granted, reduce petitioner's supervised release); accord Scanio, 37 F.3d at 860. Consequently, petitioner's claims are not jurisdictionally barred.

However, even when read liberally and interpreted to raise the strongest arguments they suggest, Lewis's claims undoubtedly fail on the merits.[3]

---

[3] District courts must construe pleadings submitted by pro se litigants liberally by reading such pleadings to raise the strongest arguments they suggest. Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007).

4

## C. Sentencing Claim

Petitioner claims that she should receive a sentencing credit for the ten months she spent in home confinement prior to her sentencing hearing. As explained below, this claim is meritless.

Pursuant to the Bail Reform Act, a "defendant shall be given credit toward the service of a term of imprisonment for any time [s]he has spent in official detention prior to the date the sentence commences." 18 U.S.C. § 3585(b). While a district court has authority to grant sentencing credit in appropriate circumstances, the time sought to be credited must be spent in "official detention." Despite the restrictive conditions associated with home confinement and electronic monitoring, home confinement does not qualify as "official detention" within the meaning of §3585(b). United States v. Edwards, 960 F.2d 278, 283 (2d Cir. 1992) (rejecting petitioner's claim that the restrictive terms of his pre-sentence confinement were tantamount to official detention and holding that a defendant "who is released on bail pending sentence, is not entitled to sentencing credit for the time spent on bail, during which he was placed under electronic monitoring and largely restricted to his residence, although such terms of release on bail oft times may be rather restrictive."); see also Reno v. Koray, 515 U.S. 50, 50-51 (1995); Scott v. Lindsay, No. 07 CV 2622, 2007 WL 2585072, at *2-3 (E.D.N.Y. Sept. 10, 2007). Here too, the time Lewis spent on home confinement was not creditable to her sentence; her application to do so is denied.[4]

---

[4] Petitioner claims that the home confinement ordered by the Court as a condition of bail occasioned by her violations of her previous bail conditions violated her First and Eighth Amendment rights. No cognizable claim is presented given the record. In any event, such complaints about pre-sentence bail conditions have no relevance to a proceeding under § 2255 attacking the conviction and/or sentence.

5

## D. Ineffective Assistance of Counsel

Petitioner's second claim asserts that the verdict should be set aside for ineffective assistance of counsel. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient," in that the representation "fell below an objective standard of reasonableness" under "prevailing professional norms" and (2) that "the deficient performance prejudiced the defense" in that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). Where, as here, a petitioner challenges her sentence, "the petitioner must show that but for counsel's ineffectiveness, there is a reasonable probability that the sentence imposed would have been different." Ramirez v. United States, No. 09 Civ. 4397, 2011 WL 1795145, at *8 (S.D.N.Y. May 6, 2011) (citing United States v. Workman, 110 F.3d 915, 920 (2d Cir.1997)). In evaluating counsel's competence, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Petitioner bears the burden of proving that both Strickland prongs are met and must show a reasonable probability that, absent counsel's unprofessional errors, the outcome of the proceeding would have been different. Byrd v. Evans, 420 F. App'x 28, 30 (2d Cir. 2011) (citing Kimmelman v. Morrison, 477 U.S. 365, 381, 106 S. Ct. 2574, 91 L.Ed.2d 305 (1986)). The instant petition fails to demonstrate that trial counsel's performance fell below an objective standard of reasonableness, and also fails to show prejudice by establishing that but for counsel's alleged incompetence, the conviction and sentence would have varied from the actual result.

In her petition, Lewis raises five complaints regarding her counsel's performance: (1) counsel failed to consult petitioner regarding general trial strategy; (2) counsel failed to consult

6

petitioner before submitting a letter to the Court prior to sentencing; (3) counsel failed to impeach a government witness; (4) counsel ignored evidence of juror misconduct; and (5) counsel failed to object to the government's motion to bar certain evidence. In light of the highly deferential standard established in Strickland, the reasonableness of counsel's competence is presumed, and petitioner must rebut this presumption by proving that her attorney's representation was unreasonable under prevailing professional norms and that the challenged actions were not sound strategy. Kimmelman v. Morrison, 477 U.S. 365, 384 (1986).

Advocacy is, of course, an art and not a science. The adversary system requires deference to counsel's informed decisions. There is no standard amount of time counsel must spend with a client to discuss and decide legal strategy for representation to be considered reasonable and, consequently, strategic choices must be respected in these circumstances if they are based on professional judgment. Strickland v. Washington, 466 U.S. at 681; United States v. Tribote, 297 F.2d 598, 601 (2d Cir. 1961). There is no indication in the record that either an alternate strategy or additional consultation between Lewis and her attorney would have meaningfully altered the outcome of the proceeding. See Tribote, 297 F.2d at 601. Counsel was not ineffective for failing to consult petitioner regarding every trial strategy choice or meet her expectations of consultation. Certainly, this Court is reluctant "to second-guess matters of trial strategy simply because the chosen strategy was not successful." Trapnell v. United States, 725 F.2d 149, 155 (2d Cir. 1983). Petitioner's first complaint about counsel is hollow.

Similarly, Lewis's second objection is without merit. As indicated in the sentencing hearing transcript, counsel did present his pre-sentencing letter to Lewis before submitting it to the Court, and at that point petitioner had the opportunity to object to its submission. (Sentencing Tr. at 8, Mar. 4, 2009). Furthermore, during the sentencing hearing, counsel orally

7

referenced many of Lewis's positive qualities referenced in the instant petition, mainly her intellect and work ethic, and the Court took those factors into consideration during its sentencing determination. (Id. at 7-9, 14). Indeed, largely in light of them, the Court imposed a below-guidelines sentence. (Id. at 13-19). Counsel's performance at, and before, the sentencing hearing came nowhere near falling below the Strickland standard.

Petitioner's third claim asserts that trial counsel was ineffective for failing to impeach a government witness. An attorney's decision not to impeach a witness may fall within the range of objectively reasonable trial strategies at counsel's disposal. See Dunham v. Travis, 313 F.3d 724, 732 (2d Cir. 2002). Counsel's conduct is only considered unreasonable where there is no plausible trial strategy justifying counsel's behavior. Jackson v. Leonardo, 162 F.3d 81, 85 (2d Cir. 1998). In this instance, there are plausible evidentiary and strategic reasons why counsel did not pursue an impeachment strategy. For example, counsel may have foreseen its failure, indeed, may have wanted to divert attention from the underlying tax crime by avoiding impeachment, which would have necessarily involved a second round of drawn-out discussion of the details of the crime itself. Therefore, counsel's conduct in regard to impeachment of the government witness was not unreasonable. Bluntly, given the overwhelming documentary evidence of guilt, the less it was highlighted, the better for petitioner. The key government agents who testified were, in a word, "unimpeachable."

Petitioner's fourth claim, a generalized statement that trial counsel ignored evidence of juror misconduct, is equally unmeritorious. There is no indication on the record that there was any juror misconduct. The government's memorandum acknowledges that the Assistant United States Attorney assigned to the case had brief contact with a juror outside of the courtroom when the juror asked where the jury room was, but such limited and inconsequential contact does not

amount to juror misconduct. See United States v. Stephenson, 183 F.3d 110, 117 (2d Cir. 1999) (holding that despite the risk that an improper communication may occur, "extremely brief and inconsequential" exchanges with a juror, for example saying "good morning," does not amount to actionable prejudice). Because there is nothing suggesting that the incident amounted to juror misconduct in the first place, counsel can hardly be faulted for failure to interpose such an objection.

Finally, petitioner argues that counsel erred by failing to object to the government's in limine motion to establish a general prohibition against the introduction of evidence relating to Lewis's financial state at trial. This is yet another strategic decision by trial counsel entitled to deference under Strickland. Obviously, evidence of Lewis's poor financial situation could have been used by the government to show economic motive to commit tax fraud. The defense had plenty of reason to keep that evidentiary door tightly shut. Lewis had no cause to complain then under Strickland and none now.

Simply stated, on the totality of the record, counsel's overall performance throughout the case was on par with, if not above, the relevant professional norm. The evidence of guilt was overwhelming.[5] No miscarriage of justice occurred in this case. Said differently, even if petitioner could have shown that her counsel's performance was deficient, she cannot show prejudice given the truly irrefutable evidence of her guilt. See United States v. Reiter, 897 F.2d 639, 645 (2d Cir. 1990). "[N]o court could find that there exists a reasonable probability that, absent [her attorney's alleged] errors, the factfinder would have had a reasonable doubt respecting guilt." Kimmelman v. Morrison, 477 U.S. 365, 387 (1986) (citing Strickland v.

---

[5] The documents established that petitioner was the only beneficiary of the tax fraud charged in ten substantive counts of conviction and all funds received from the related refunds were deposited solely in Lewis's bank account.

9

Washington, 466 U.S. 669, 695 (1984)). Therefore, no new trial or other § 2255 correction is warranted.[6]

## CONCLUSION

For the foregoing reasons, the petition for habeas corpus filed by Germaine Lewis is dismissed and the writ is denied. Additionally, as petitioner makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45, 82 S. Ct. 917 (1962).

**SO ORDERED.**

Dated: Brooklyn, New York
June 19, 2012

ERIC N. VITALIANO
United States District Judge

---

[6] As the recounting above makes plain, petitioner is not entitled to a hearing. If, unlike here, it appears that the petition has merit, then a §2255 hearing should be held.

10